[No. 11663.   Department Two. — July 27, 1887.]

## JOHN W. STOKES, Appellant, *v.* ALFRED BALAAM, Respondent.

Agreement to Cut Wood — Retention of Property by Vendor until Payment of Price — Conversion — Lien — Damages. — The action was brought to recover damages for the conversion of certain wood which had been cut from the land of the plaintiff by one Rachael Bashore, under an agreement whereby the latter was to cut the wood, and when cut it was to remain the property of the plaintiff until she had paid therefor at the rate of one dollar a cord. This price was never paid. After the wood was cut, it was seized and sold as the property of the husband of Rachael Bashore, under an execution issued against him. *Held,* that the plaintiff did not have a mere lien on the wood to the extent of one dollar a cord, but had the exclusive property therein, and was entitled to recover its entire value as damages for its conversion.

Id. — Evidence — Irrelevant Questions. — Certain questions asked a witness on the trial, *held* irrelevant.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Atwell & Bradley*, for Appellant.

*C. A. Webb*, and *Oregon Sanders*, for Respondent.

THORNTON, J. — The evidence in this cause shows plainly that the wood, for the conversion of which this action was brought, was cut under an agreement made with the plaintiff by Mrs. Rachael Bashore, under which the latter was to cut the wood on plaintiff's land, and when cut it was to remain the property of plaintiff until one dollar a cord was paid to plaintiff by Mrs. Bashore. This one dollar per cord was never paid. The wood was seized by the defendant as sheriff of Tulare County as the property of the defendant, under a writ of attachment issued in an action brought by Ah Sing against John Bashore, who was the husband of Rachael Bashore. The wood was afterwards sold by the defendant under a writ of execution issued on a judgment recovered in the action above stated.

There was no controversy as to the value of the wood at the date of the conversion, which was put at $877.50. The evidence shows that the wood was the property of the plaintiff, and he was entitled to recover damages for the sum above mentioned.

The verdict, which was for $195, is not sustained by the evidence, and the judgment must therefore be reversed. There is no testimony on which to base a verdict on the theory that the plaintiff had only a lien for $195, the amount for which the verdict was rendered, and the directions of the court on such a theory tended to and must have misled the jury.

The following questions, allowed to be put to the witness (Stokes), were clearly irrelevant, and should have

been ruled out: "How long did that wood remain there?" "How much is that wood worth that remains upon the premises after this wood that had been sold under execution had been taken away?" "How much stumpage is due upon that five or six hundred cords?" "How much stumpage is there due upon the wood that was sold to Mr. Balaam?" "How much of that 195 cords of wood is now on, or was at the time of the sale upon, your land?" All the above questions were entirely irrelevant to any legitimate matter of inquiry in the case.

The instructions in relation to a lien were erroneous, as not being founded on any testimony in the cause, and were misleading. In fact, it is evident from what occurred on the trial that the jury were actually misled by such instructions.

The bill of exceptions shows that the jury, after their deliberation, came into court, and a juror said: "We have decided the ownership of the wood, leaving out any claim for damages." To this the court replied: "Yes; but the wood itself is worth something." The juror said further: "We find the plaintiff still owns the wood." The court said: "There is other wood there," etc. The jury again retired, and found a verdict for $195 and interest; whereas, if they had already determined that the plaintiff was the owner of the wood, they should have found the admitted value of the wood — $877.50 — as damages in favor of the plaintiff. The verdict could only have been found on the idea that the plaintiff had nothing more than a lien on the wood for one dollar a cord, and was therefore only damaged $195.

In accordance with the foregoing, the judgment and order denying plaintiff's motion for a new trial must be reversed, and the cause remanded for a new trial in accordance with the views herein set forth.

Ordered accordingly.

McFARLAND, J., and SHARPSTEIN, J., concurred.